# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 22-2470

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LINNEL BLOUNT, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19 CR 376 — **Charles R. Norgle**, *Judge.*

ARGUED FEBRUARY 21, 2024 — DECIDED FEBRUARY 26, 2024

Before EASTERBROOK, BRENNAN, and KIRSCH, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* During the COVID-19 pandemic many federal courts, including the Northern District of Illinois, deferred holding jury trials until it was safe for so many participants (judge, jurors, witnesses, counsel, and others) to assemble indoors. The court entered a series of orders, all called General Order 20-0012, that suspended criminal jury trials from March 17, 2020, through April 4, 2021 (with a short

time in between during which jury trials were allowed with restrictions to reflect medical recommendations). Each of these orders stated that health and safety considerations made trials too risky and that any resulting delay should be treated as excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161–74. Several versions of this order expressly relied on statements by the Centers for Disease Control and state public-health officials.

Linnel Blount, Jr., was indicted on drug and gun charges in 2019. He demanded a jury trial, which was set for February 4, 2020, but postponed to March 24 at his request. General Order 20-0012 prevented the holding of a jury trial on March 24, so the district judge deferred the trial further. Over the next year the judge excluded countable time, in the ends of justice, under 18 U.S.C. §3161(h)(7). The judge took General Order 20-0012 as a given and did not make independent findings.

On March 29, 2021, as criminal jury trials were about to resume, the parties filed a joint status report asking for more time to plan. But before a jury trial could be held, Blount waived his jury demand and agreed to a bench trial. It commenced on July 26, 2021. He was convicted and sentenced to 63 months' imprisonment. His sole argument on appeal is that the indictment should have been dismissed under the Speedy Trial Act, because the ends-of-justice rulings rested on General Order 20-0012 rather than "individualized" and "case-specific" circumstances.

Blount's immediate problem is that his lawyer never asked the district court to dismiss the indictment. Under 18 U.S.C. §3162(a)(2) such a motion is essential. See, e.g., *United States v. Littrice*, 666 F.3d 1053, 1059 (7th Cir. 2012); *United States v. Gearhart*, 576 F.3d 459, 462 (7th Cir. 2009). Blount's counsel in

the district court opposed some extensions of time and asked for a speedy trial but did not move to dismiss. Blount's appellate lawyer tries to avoid the consequences of that omission by contending that the judge should have read between the lines of Blount's *pro se* filings to perceive a motion to dismiss. Yet a between-the-lines approach contradicts the statute. A motion to dismiss is essential, or it is not. Finding such a request implicit in other documents would be equivalent to saying that a motion to dismiss is not essential after all. Courts should not insist that unrepresented litigants use technical legal language, but that principle does not assist a litigant who has a lawyer yet chooses to bombard the court with *pro se* filings anyway.

What's more, a district judge is not required to read the *pro se* filings of a represented defendant at all, let alone read between the lines to find motions never made. A litigant represented by counsel, as Blount was, cannot simultaneously represent himself. That's called hybrid representation, which district judges need not accept. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *United States v. Chavin*, 316 F.3d 666, 671–72 (7th Cir. 2002). A judge has discretion to read and act on *pro se* filings by represented litigants but is not obliged to do so. *United States v. Cross*, 962 F.3d 892, 899 (7th Cir. 2020).

Lest this conclusion set the stage for a collateral attack contending that Blount's lawyers (he had several) furnished ineffective assistance, we add that a motion to dismiss would not have succeeded. The Speedy Trial Act requires a district judge to explain why the ends of justice call for delay, and it enumerates factors to consider, but it does not say that judges must recapitulate considerations that have already been established by the court as an institution. Whether it was

prudent to hold jury trials during segments of the pandemic did not concern Blount's background, his charges, or his witnesses; it concerned COVID-19 and principles of epidemiology, which do not differ from one prosecution to another. Blount did not propose to hold a jury trial over Zoom or explain how that could have worked—and the feasibility of trials by video also is not defendant-specific. The reason the ends of justice supported delay was societal, not personal.

At least four courts of appeals have held in precedential opinions that epidemiological considerations permitted the delay of criminal jury trials during the height of the COVID-19 pandemic and that district judges may rely on institutional findings such as General Order 20-0012. See, e.g., *United States v. Pair*, 84 F.4th 577, 585 (4th Cir. 2023); *United States v. Leveke*, 38 F.4th 662, 670 (8th Cir. 2022); *United States v. Orozco-Barron*, 72 F.4th 945, 958 (9th Cir. 2023); *United States v. Keith*, 61 F.4th 839, 851 (10th Cir. 2023). Accord, *United States v. Roush*, 2021 U.S. App. LEXIS 36082 (6th Cir. Dec. 7, 2021). We agree with these decisions and add the Seventh Circuit to the list.

AFFIRMED